**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| **WILLIAM GARCIA TREJO** | |
| ~~3837 34th Street~~ | |
| ~~Apartment 2~~ | |
| ~~Mount Rainier, MD 20712~~ | Case No.~~_____~~. 8:22-cv-01066-DLB |
| **Plaintiff,** | |
| **v.** | |
| **HOWARD COUNTY, MARYLAND** | **JURY TRIAL DEMANDED** |
| ~~Serve:~~ | |
| ~~Calvin Ball~~ | |
| ~~County Executive~~ | |
| ~~3430 Court House Dr.~~ | |
| ~~Ellicott City, MD 21043~~ | |
| **and** | |
| **CALVIN BALL, in his official capacity as County Executive of Howard County, Maryland** | |
| ~~3430 Court House Dr.~~ | |
| ~~Ellicott City, MD 21043~~ | |
| **and** | |
| **JACK KAVANAGH, in his official capacity as Director of Howard County Department of Corrections** | |
| ~~7301 Waterloo Rd.~~ | |
| ~~Jessup, MD 20794~~ | |
| **and** | |
| **JAMA ACUFF, in her official capacity as Director of Howard County Department of Corrections** | |
| **and** | |

**OFFICER JEROME GUEST, in his official capacity as a Howard County Corrections Officer**

**and** ~~7301 Waterloo Rd. Jessup, MD 20794~~

**SERGEANT MELANIE AVERY, in her official capacity as a Howard County Corrections Officer**

**and**

**JOHN DOE 1-5,**

                    **Defendants.**

## AMENDED COMPLAINT

This case arises from the Defendants' illegal arrest, seizure, and detention of the Plaintiff, William Garcia Trejo, and their unlawful transfer of Mr. Trejo to the United States Immigration and Customs Enforcement (ICE) without probable cause ~~or,~~ due process, or any valid legal basis.  Defendants took this action despite Mr. Trejo posting bond for his outstanding motor vehicle citations. and the District Court Commissioner ordering his release from custody.  It occurred even though there was no immigration hold or administrative warrant from ICE.

Instead, the Defendants transferred Mr. Trejo's custody to ICE on the basis that it received a "Form I-203" Order to Detain or Release Alien from ICE, which asked the Defendants to release Mr. Trejo into their custody.  However, this document—which in the past was used by ICE in the context of intergovernmental service contracts, such as the one it had with Howard County—did not legally authorize the Defendants to extend Mr. Trejo's detention or transfer his custody to ICE.  The Form I-203 received by Defendants was not a detainer or administrative warrant, which ICE required in order to receive custody of an inmate from a local

government.  Defendants' reliance on this document to extend Mr. Trejo's detention and transfer his custody to ICE violated Mr. Trejo's constitutional rights, as well as Maryland law which compelled Mr. Trejo's release after Mr. Trejo posted bond.

Defendants took this action despite its repeated public claims that it did not transfer to ICE those detainees taken into custody for minor traffic violations, such as Mr. ~~Trejo's, which involved an invalid motor vehicle registration~~ Trejo.~~and driving without a valid license.~~  The Defendants' actions were part of an illegal pattern and practice toward detainees in the Howard County detention center who did not have citizenship.

The Defendants' unlawful actions had real and serious consequences for Mr. Trejo.  He was forced to spend days in custody of both Howard County and ICE.  Since his release from custody, he has been under continuous ICE surveillance with an electronic GPS bracelet, forced to maintain regular status checks with ICE officials, restricted from travel, and subject to criminal penalty and deportation from the country. The Defendants' actions violated Mr. Trejo's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, the Maryland Declaration of Rights (Sections 24 and 26), and Maryland state law.

Plaintiff alleges the following:

**PARTIES AND JURISDICTION**

1.      Plaintiff William Garcia Trejo is an adult resident of the State of Maryland.  Mr. Trejo is a Salvadoran national who immigrated to the United States on a work visa in June 2012.

2.      Defendant Howard County, Maryland, a body corporate and a body politic, is a chartered county under Art. XI-A of the Maryland Constitution. ~~Defendant's~~Defendant Howard

County's administrative offices are located at 3430 Courthouse Drive, Ellicott City, Howard County, Maryland 21043.  Defendant Howard County maintains and operates The Howard County Department of Corrections as an agency of Howard County.

3.      Defendant Calvin Ball is the County Executive of Howard County and an employee and agent of Howard County, Maryland.

4.      Defendant Jack Kavanagh was, at all times relevant hereto, the Director of the Howard County Department of Corrections and an employee and agent of Howard County.

5.      Defendant Jama Acuff is the current Director of the Howard County Department of Corrections and an employee and agent of Howard County.

6.      Defendant Officer Jerome Guest was, at all times relevant hereto, a corrections officer at the Howard County Detention Center who was acting under color of state law.  At all times relevant hereto, Defendant Guest was an employee and agent of Howard County, Maryland and was acting within the course and scope of his employment and agency.

7.      Defendant Sergeant Melanie Avery was, at all times relevant hereto, a corrections officer at the Howard County Detention Center who was acting under color of state law.  At all times relevant hereto, Defendant Avery was an employee and agent of Howard County, Maryland and was acting within the course and scope of her employment and agency.

6.8.    Defendants John Doe 1-5 are individual agents and employees of Howard County who processed Mr. Trejo through the Howard County Detention Center and transferred his custody to ICE.  At all times relevant hereto, Defendants John Doe 1-5 were acting under color of state law and within the course and scope of their duties.  Plaintiff has been unable to identify these individuals in advance of the filing of this action.

4

7.9.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1367.

8.10.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1)-(2).

9.11.    On September 15, 2021, Plaintiff gave notice of his potential claims against Howard County and its employees via letter correspondence sent by certified mail, in accordance with the Maryland Local Government Tort Claims Act, Md. Code Cts. & Jud. Proc. § 5-304.

## FACTUAL ALLEGATIONS

10.12.  In the morning hours of September 27, 2020, Plaintiff was pulled over by Trooper C. Morgan of the Maryland State Police while driving his vehicle on Interstate 95 in Howard County, Maryland.

11.13.  After promptly pulling over to the side of the highway, Plaintiff remained in his vehicle and was approached by Trooper Morgan.  Plaintiff was informed by Trooper Morgan that he was being stopped because he was speaking on his cell phone while driving.  The trooper mentioned no other moving violations or probable cause for the stop.

12.14.  Plaintiff was then informed by the trooper that he had outstanding failure-to-appear citations arising from expired registration and driving without a valid license citations. Purportedly due to the failure to appear on these motor vehicle citations, Plaintiff was asked to step out of his vehicle, after which he was arrested and placed in custody.

13.15.  Plaintiff was taken by Trooper Morgan to the Howard County Detention Center, in Jessup, Maryland, where he was placed under custody of the Defendant Howard County and processed by Defendants corrections officers, including John Doe 1-5.  Mr. Trejo was booked at 9:34 a.m. on September 27, 2020.

14.16.   Plaintiff remained detained overnight at the Howard County Detention Center until he could be Mr. Trejo was presented to a District Court Commissioner the following that morning, September 28, 2020. at 11:51 a.m.

15.17.   Upon presentation to the Commissioner, Plaintiff was informed that he would need to remain in custody at the Howard County Detention Center until he could appear before a judge of the Howard County District Court.

18.   Later that morning, Mr. Plaintiff was detained overnight.

16.19.   At approximately 11:00 a.m. the following day, September 28, 2020, Mr. Trejo appeared at a bail review hearing in the District Court for Howard County. The court informed Mr. Trejo that he had two pending minor motor vehicle cases in Prince George's County, Maryland and Montgomery County, Maryland—driving on a suspended license and driving on a revoked license, respectively—and subsequent failures to appear.

17.20.   The court set bond at $1,000 at 10% ($100) for the Prince George's County matter and $3,000 at 10% ($300) for the Montgomery County matter.

18.21.   That same day, within a few hours, Plaintiff's mother, Rosa Lilian Trejo-Rodriguez, posted the $400.00 bond with the District Court.  The posting of Mr. Trejo's bond should have secured his immediate release from Howard County custody under Maryland law. There was no longer any lawful basis for Howard County to detain Mr. Trejo.

22.     There was also no lawful basis for Howard County to contact ICE concerning Mr. Trejo's impending release, nor to transfer Mr. Trejo's custody to ICE.

23.     On the evening of September 28, 2020, a Howard County correctional officer informed Mr. Trejo that he was going to be transferred to ICE and deported.  This terrified Mr. Trejo, who justifiably believed that he would never see his family again.

24.     At 11:03 pm that night, the District Court Commissioner issued to the Howard County Detention Center a Release from Commitment, stating that Howard County was "HEREBY COMMANDED to release" the Plaintiff from custody.

19.25.  Rather than releasing Mr. Trejo after bond was posted, Defendants unlawfully continued to detain the Plaintiff and held him overnight at the Howard County Detention Center without his consent.

26.     At approximately 12:00 a.m. that night, Defendant Guest contacted ICE to alert them that Mr. Trejo was expected to be released from custody.

27.     Defendant Guest contacted ICE in order to cause the transfer of Mr. Trejo to ICE custody, despite his posting bond and the Release from Commitment issued earlier that night.

28.     Defendant Guest contacted ICE pursuant to a "Request for Advance Notification of Release" (ICE Interim Form I-247G) issued on September 27, 2020.  This Request asked Defendants to alert ICE "at least 48 hours" prior to Mr. Trejo's release. Notably, on the face of the Request, ICE states: "This request does not request or authorize that you detain the subject beyond the time her or she is currently scheduled to be released from your custody."  (Emphasis in original).

29.     Pursuant to Defendant Guest's communication, ICE at 12:00 am on September 29, 2020 prepared and issued a "Form I-203" document, entitled "Order to Detain or Release Alien."  Therein, ICE requested in a hand-written notation that Howard County "[p]lease release" Mr. Trejo to ICE on the morning of September 29, 2020.  The Form I-203 was not accompanied by any other documents.

30.     The following day, on September 29, 2020, Defendants kept Mr. Trejo remained in Howard County custody when he should have been released.

7

31.     At approximately 8:00 a.m. on the morning of September 29, 2020, Defendant Avery called ICE to alert them that Mr. Trejo was to be released from custody imminently.

32.     Defendant Avery contacted ICE in order to cause the transfer of Mr. Trejo to ICE custody, despite his posting bond and the Release from Commitment issued the prior evening.

20.33.  Instead of releasing him as required by law, Defendants illegally transferred custody of the Plaintiff to ICE.Mr. Trejo to ICE. The transfer occurred at approximately 12:00 pm on September 29, 2020.

21.34.  Defendants detained PlaintiffMr. Trejo and transferred his custody to ICE despite the fact that no detainer was in place with respect to Plaintiff, and despite the absence of an administrative warrant issued by ICE for Plaintiff's arrest or removal.

35.     The only potential basis for a local government to detain an individual Howard County extended the detention of Mr. Trejo beyond the time at which he was to be released under law, constituting a new arrest, and transferred his custody to ICE based solely on a Form I-203 document that provided no basis under federal or state law for Howard County to engage in a second arrest of Mr. Trejo.

36.     After he was transferred into ICE custody by Howard County, Mr. Trejo was interviewed by ICE officers at the Howard County Detention Center, where ICE maintained an office pursuant to its contract with Howard County.

22.     He was thenand ultimately transfer that individual's custody to ICE is pursuant to a duly-issued ICE detainer and administrative warrant.  However, even in the event that an ICE immigration hold and administrative warrant are properly issued, Maryland law prohibits the continued detention of an arrestee after bond is posted.

23.37.   Mr. Trejo was transported to an ICE facility in Baltimore, Maryland, where he was detained for several more hours before ultimately being released.

24.38.   PlaintiffMr. Trejo was released from ICE physical custody on September 29, 2020.  His release was conditioned upon his wearing a GPS tracking bracelet for one (1) year and providing semi-monthly reports to ICE.  During this time period, PlaintiffMr. Trejo was prohibited from leaving the greater Washington, D.C. metropolitan area and was subject to criminal penalty and/or deportation from the country should he do so, significantly interfering with his liberty.

25.39.   In October 2021, Plaintiff'sMr. Trejo's GPS bracelet was removed. However, to this day, he is still required to make weekly reports to ICE concerning his whereabouts.  He is subject to criminal penalty and/or deportation from the country should he fail to comply with these terms.

26.40.   During the course of his detention, PlaintiffMr. Trejo was subjected to an unhealthy and unsafe environment and experienced invasive and improper searches, poor conditions, and acts and omissions by Howard County Detention Center personnel, including but not limited to Defendants Guest, Avery, and John Does 1-5, in violation of the facility's own policies and procedures.

27.41.   After the unlawful and unconstitutional arrest, detention, and transfer of the PlaintiffMr. Trejo into ICE custody, Defendant Calvin Ball, the County Executive of the Defendant Howard County, admitted that the incident "should not have occurred," calling it a "mistake."[1]

---

[1] See WBAL TV 11, "CASA Maryland continues call for Howard County to end ties with ICE after man's arrest," last updated Oct. 13, 2020, available at https://www.wbaltv.com/article/casa-maryland-calls-for-howard-county-to-end-ties-with-ice-after-william-garcia-trejo-arrest/34362788#.

**A.** ~~Plaintiff's~~**Plaintiff William Trejo's** detention and transfer to ICE custody was carried out by the Defendants without an immigration hold or administrative warrant.

~~28.~~42.  Defendants had no probable cause or purported basis under federal or state law or administrative regulation to detain the Plaintiff or transfer his custody to ICE after satisfaction of the financial conditions of his release.

~~29.~~43.  In certain circumstances, ICE will request that a local government detain an individual and ultimately transfer that individual's custody to ICE pursuant to a duly-issued ICE immigration hold and administrative warrant.  No such request occurred here.

~~30.~~44.  An immigration hold, or "detainer," is an administrative notice by ICE to a local law enforcement agency requesting that the local agency hold the detainee in custody. The purpose of a detainer is to "advise another law enforcement agency that [the Department of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien.  The detainer is a request that such agency advise [the Department], prior to release of the alien, in order for [the Department] to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible."  8 C.F.R. § 287.7(a).

~~31.~~45.  Under ICE formal policy, detainers are set forth in an ICE Form I-247A document and issued to a law enforcement agency "for an alien in the [law enforcement agency's] custody after the alien is arrested for a criminal offense and the officer has probable cause to believe that the subject is an alien who is removable from the United States."  ICE Policy No. 10074.2, sec. ~~2.3~~2.3 (effective April 2, 2017).

32.46.  A detainer requests that a local law enforcement agency hold an individual ICE has deemed removable "for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department."[2]  8 C.F.R. § 287.7(d).

33.47.  All detainersIn order to effectuate transfer of an inmate to ICE, the detainer must be accompanied by an administrative warrant: "either: (1) a properly completed Form I-200 (Warrant for Arrest of Alien) signed by an authorized ICE immigration officer; or (2) a properly completed Form I-205 (Warrant of Removal Deportation) signed by an authorized ICE immigration officer."  ICE Policy No. 10074.2., sec. 2.4.

48.     Notably, ICE policy effective during the period relevant hereto did not permit the transfer of custody of an immigrant detainee pursuant to a Form I-203—the document purportedly received by Defendants with respect to Mr. Trejo—particularly when unaccompanied by a detainer and administrative warrant.

49.     The Form I-203 that was issued to Defendants, and upon which Defendants relied in extending Mr. Trejo's detention and transferring his custody to ICE, was not a judicial warrant.

50.     The Form I-203 that was issued to Defendants, and upon which Defendants relied in extending Mr. Trejo's detention and transferring his custody to ICE, did not supply Defendants with any authority under federal or state law to take this action.

51.     Likewise, the Form I-247G Request for Advance Notification of Release issued by ICE with respect to Mr. Trejo was not a detainer or administrative warrant, was not a judicial warrant, and did not supply Defendants with any authority under federal or state law to alert ICE as to Mr. Trejo's release, extend his detention, or transfer his custody to ICE.

---

[2] *See* https://www.ice.gov/doclib/secure-communities/pdf/immigration-detainer-form.pdf.

34.52.  Defendants detained Plaintiff and transferred his custody to ICE despite the fact that noICE did not issue a detainer was issued for the Plaintiff, and despite the fact that noor administrative warrant was issued by ICE for the Plaintiff'sMr. Trejo's arrest or removal.

**B.   Plaintiff's detention and transfer to ICE custody was carried out by the Defendants in violation of Maryland law.**

35.53.  While the procedure for issuing immigration holds, or detainers, is set forth in federal regulation and formal ICE policy, described above, such procedure does not permit or authorize Maryland local governments are not authorized to detain anyone or extend an arrestee's detention beyond the amount of time prescribed by state law.

36.54.  Rather, Maryland state law mandates thethat a local government release of detaineesan individual upon satisfaction of their bail amount.  Under Maryland Rule 4-216(c), "a defendant is entitled to be released before verdict on personal recognizance or on bail, in either case with or without conditions imposed, unless the judicial officer determines that no condition of release will reasonably ensure (1) the appearance of the defendant as required and (2) the safety of the alleged victim, another person, and the community."

37.55.  Maryland Rule 4-216.1 defines the standards governing pretrial release in Maryland and "is designed to promote the release of defendants on their own recognizance or, when necessary, unsecured bond."  Md. R. 4-216.1(b)(1).

38.56.  Maryland law "shall be construed to permit the release of a defendant pending trial except upon a finding by the judicial officer that, if the defendant is released, there is a reasonable likelihood that the defendant (i) will not appear when required, or (ii) will be a danger to an alleged victim, another person, or the community."  Md. R. 4-216.1(b)(1)(B).

39.57.  "[U]nless the judicial officer finds that no permissible non-financial condition attached to a release will reasonably ensure (A) the appearance of the defendant, and (B) the

safety of each alleged victim, other persons, or the community, the judicial officer shall release a defendant on personal recognizance or unsecured bond, with or without special conditions." Md. R. 4-216.1(c).

40.58.  Maryland Criminal Procedure Article § 5-205 codifies the process for setting and satisfying bond or bail.  Under CP §5-205, a District Court judge may "set bond or bail" and "release a defendant on personal recognizance or on a personal or other bail bond."  Md. Code Crim. Proc. § 5-205(a)(1)-(2).

41.59.  "[I]n a criminal or traffic case in the District Court in which a bail bond has been set and if expressly authorized by the court or District Court commissioner, the defendant or a private surety acting for the defendant may post the bail bond by: 1. executing it in the full penalty amount; and 2. depositing with the clerk of the court or a commissioner the greater of 10% of the penalty amount or $25."  Md. Code Crim. Proc. § 5-205(c)(2)(i).

42.60.  Further, "[o]n depositing the amount required under [the foregoing paragraph] and executing the recognizance, the defendant shall be released from custody subject to the conditions of the bail bond."  Md. Code Crim. Proc. § 5-205(c)(3).

43.61.  Defendants continued detaining Plaintiff, and failed to release him, despite his satisfying the financial terms of his release in accordance with Maryland law, specifically Md. R. 4-216, *et seq*. and Md. Code Crim. Proc. § 5-205, *et seq*.

44.62.  Defendants detained Plaintiff and transferred his custody to ICE without any probable cause to believe that Plaintiff was engaged in criminal activity or was otherwise subject to the jurisdiction of ICE.

45.63.  By refusing to release Plaintiff after bond was posted and a Release from Commitment was issued, and instead transferring his custody to ICE, Defendants engaged in a

13

new seizure and arrest of the Plaintiff.  This second seizure and arrest was carried out without a warrant, due process or probable cause.

46.64.  Subtitle 2 of the Maryland Code of Criminal Procedure governs the procedure for warrantless arrest.  Under this Subtitle, "[a] police officer may arrest without a warrant a person who commits or attempts to commit a felony or misdemeanor in the presence or within the view of the police officer."  Md. Code Crim. Proc. § 2-202(a).

47.65.  Furthermore, "[a] police officer who has probable cause to believe that a felony or misdemeanor is being committed in the presence or within the view of the police officer may arrest without a warrant any person whom the police officer reasonably believes to have committed the crime." Md. Code Crim. Proc. § 2-202(b)

48.66.  Finally, "[a] police officer without a warrant may arrest a person if the police officer has probable cause to believe that a felony has been committed or attempted and the person has committed or attempted to commit the felony whether or not in the presence or within the view of the police officer."  Md. Code Crim. Proc. § 2-202(a).

49.67.  When the Defendants continued to detain Plaintiff despite his posting bond and after issuance of the Release from Commitment, it engaged in a warrantless seizure and arrest of the Plaintiff.  This seizure and arrest was carried out despite not meeting the criteria set forth in Md. Code Crim. Proc. § 2-202, *et seq*.

50.68.  When the Defendant transferred custody of Plaintiff to ICE without any requisite legal basis, it engaged in a warrantless seizure and arrest of the Plaintiff.  This seizure and arrest was carried out despite not meeting the criteria set forth in Md. Code Crim. Proc. § 2-202, *et seq*.

**C. Defendant Howard County and their employees have a longstanding pattern and practice of violating detainees' constitutional rights.**

51.69.  In the years prior to and inclusive of Plaintiff's subject arrest, seizure, and detention, Defendant Howard County and their employees engaged in a pattern and practice of violating ~~detainees'~~individuals' constitutional rights in coordinating with ICE.

52.70.  From 1995 until May 2021, Howard County had an intergovernmental service contract with ICE (or its predecessor, Immigration and Naturalization Services) to detain non-citizens who were subject to removal by the federal government.

71.  Pursuant to the intergovernmental service contract, ICE officers were stationed at the Howard County Detention Center in order to effectuate the arrest, removal, and deportation of immigrants.

72.  Pursuant to the intergovernmental service contract, Howard County regularly and frequently transferred custody of immigrant arrestees to ICE, with knowledge that said arrestees would be subject to deportation.

53.73.  Until its termination, the contract had been profitable for Howard County, yielding the county approximately $2.8 million per year.[3]

54.74.  Under the contract, Howard County charged ICE $110 per day per detainee.[4]

55.75.  Between 2013 and 2019, the ~~Howard County  ICE~~intergovernmental service contract generated more than $14 million for the County.[5]

---

[3] *See* Ana Faguy, "Howard County ends contract with ICE that allowed immigration detainees to be housed at detention center," THE BALTIMORE SUN, March 23, 2021, *available at* https://www.baltimoresun.com/maryland/howard/cng-ho-end-ice-contract-20210322-33biqkab5bb7pollzhpx5ezrvu-story.html.

[4] Erin B. Logan, "Howard County's contract with ICE generated more than $14 million since mid-2013," THE BALTIMORE SUN, July 25, 2019, *available at* https://www.baltimoresun.com/maryland/howard/ph-ho-cf-immigration-center-inside-0710-story.html.

[5] *Id.*

56.76.   Defendant Jack Kavanagh referred to the ~~Howard County  ICE~~ contract as "fiscally prudent."[6]

57.77.   ~~The ICE~~Howard County's contract with ICE was the subject of public scrutiny and controversy, due in part to widespread reports over the course of years concerning mistreatment of inmates and arrestees housed under ICE custody, including conduct violative of inmates' constitutional rights.

58.78.   During this period of time, Howard County was accused on numerous occasions of improperly and unlawfully detaining persons in coordination with ICE at the Howard County Detention Center after arrest and seizure for minor infractions, such as traffic violations.[7]

59.79.   These public reports and accusations arose from the arrest and seizure of individuals in coordination with ICE and/or under ICE custody without requisite legal basis, in violation of detainees' and arrestees' constitutional rights, and despite Howard County lacking federal authority to provide immigration law enforcement authority under Section 287(g) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1357(g).[8]

60.80.   In addition to individual accusations of unconstitutional arrests, seizures, and detentions by Howard County, advocacy and legal organizations have recognized Howard County's longstanding unconstitutional pattern and practice as well.  In April 2021, the Howard County Coalition for Immigrant Justice stated: "For decades, Howard County has detained

---

[6] *Id.*

[7] Horus Alas, "Ex-Inmates Tell Their Stories as Criticism of Howard Co. ICE Contract Intensifies," MARYLAND MATTERS, Aug. 19, 2020, *available at* https://www.marylandmatters.org/2020/08/19/ex-inmates-tell-their-stories-as-criticism-of-howard-co-ice-contract-intensifies/.

[8] *Id.*  For a discussion of Section 287(g), see https://www.ice.gov/identify-and-arrest/287g.

thousands of immigrants in its county detention center through its contract with ICE, leading to racial profiling, arrests for civil immigration violations, deportation, and family separation."[9]

61.81.  Under the Howard County's stated policy during the time Plaintiff was arrested, the Defendant would detain individuals under ICE custody or otherwise cooperate with ICE only if said individual was convicted of a crime, charged with a jailable offense, a member of a criminal gang, or a previously deported felon who reentered the country without authorization.[10]

62.82.  As acknowledged by Defendant Jack Kavanagh, former Howard County Department of Corrections Director, Howard County had "been accused of having women and children and [immigration] status offenders" under ICE custody.  But according to Mr. Kavanagh, the Defendant County's policy was to "only have people with serious criminal histories" in ICE custody.[11]

63.83.  In fact, however, Howard County engaged in a pattern and practice of detaining individuals under ICE custody and/or cooperated in transferring custody of individuals to ICE, including Mr. Trejo, who did not have serious criminal histories but who were detained for minor infractions, thereby violating the Howard County's own stated policy and practice.

64.84.  The pattern and practice exhibited by Howard County with respect to unconstitutional arrests, seizures, and detentions of individuals in cooperation with ICE dovetails with Howard County's well-documented history of violative practices in the care and treatment of detainees at the Howard County Detention Center in Jessup, Maryland.

---

[9] Howard County Coalition for Immigrant Justice, Press Release, April 13, 2021, *available at* https://www.howardcountyimmigrantjustice.org/.

[10] *See* "Ex-Inmates Tell Their Stories as Criticism of Howard Co. ICE Contract Intensifies," *supra* n.7.

[11] *Id*.

65.85.  On October 28, 2020, the U.S. Department of Homeland Security, Office of Inspector General issued a formal report titled, *ICE Needs to Address Concerns about Detainee Care and Treatment at the Howard County Detention Center.*[12]

66.86.  According to this report, the Department "found violations of U.S. Immigration and Customs Enforcement (ICE) detention standards undermining the protection of detainees' rights and the provisions of a safe and healthy environment."[13]  The Department found, among other violations, substandard practices with respect to "detainee searches, food services, and record requirements for segregation and medical grievances."[14]

67.87.  The documented treatment of immigration detainees was so inhumane that the County Council majority passed an ordinance terminating the contract between Howard County and ICE.  But this ordinance did not become law because Defendant Ball vetoed it.  The ordinance's sponsor, Councilwoman Liz Walsh, stated that Howard County's Department of Corrections was responsible for human rights violations: "We do this; we are the monster in this story. My heart breaks for the utter lack of leadership on this issue."[15]

68.88.  Ultimately, in response to the well-documented pattern of unconstitutional and deplorable treatment of immigrant detainees and arrestees by local governments such as Howard County, the Maryland General Assembly passed the "Dignity Not Detention Act," HB16, ending

---

[12] DHS, Office of Inspector General, "ICE Needs to Address Concerns about Detainee Care and Treatment at the Howard County Detention Center," October 28, 2020, *available at* https://www.oig.dhs.gov/sites/default/files/assets/2020-10/OIG-21-03-Oct20.pdf.

[13] DHS, Office of Inspector General, "ICE Needs to Address Concerns about Detainee Care and Treatment at the Howard County Detention Center," Executive Summary, October 28, 2020, *available at* https://www.oig.dhs.gov/reports/2021/ice-needs-address-concerns-about-detainee-care-and-treatment-howard-county-detention-center/oig-21-03-oct20.

[14] *Id.*

[15] Ana Faguy, "ICE violations found at Howard County Detention Center, Department of Homeland Security report says," THE BALTIMORE SUN, Nov. 6, 2020, *available at* https://www.baltimoresun.com/maryland/howard/cng-ho-ice-dhs-violations-20201106-xysr52tirfg2jlqh6g6j4pghxu-story.html.

agreements between ICE and Maryland counties and local governments, and prohibiting local

governments from entering into any future contracts to detain immigrants.[16]

69.89.   Howard County's pattern and practice of depriving constitutional rights of

immigrant detainees and arrestees such as the Plaintiff was motivated by its desire to profit from

its contract with ICE and by its reckless and malicious disregard of immigrant detainees.

70.90.   Howard County's pattern and practice of depriving constitutional rights of

immigrant detainees and arrestees such as the Plaintiff, in violation of their own stated policies,

resulted in the Defendant's unlawful arrest, seizure, and detention of the Plaintiff in September

2020, and directly and proximately caused his damages alleged herein.

## CAUSES OF ACTION

### COUNT I

### 42 U.S.C. § 1983
### Violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendments to the United States Constitution
### (Defendants Ball, Kavanagh, Acuff, Guest, Avery, and Doe 1-5)

71.91.   Plaintiff incorporates each and every foregoing paragraph of this Complaint as if

fully restated herein.

72.92.   At all times relevant hereto, Defendants Ball, Kavanaugh, Acuff, Guest, Avery,

and Doe 1-5 were state actors and/or "persons" within the meaning of 42 U.S.C. § 1983 and their

conduct was subject to 42 U.S.C. § 1983.

---

[16] *See* Maryland General Assembly,
https://mgaleg.maryland.gov/mgawebsite/Legislation/Details/hb0016/?ys=2021rs; *see also* MARYLAND MATTERS,
"Legislature Passes Immigrants' Rights Bill; Hogan Veto Expected," April 13, 2021, *available at*
https://www.marylandmatters.org/2021/04/13/legislature-passes-immigrants-rights-bill-hogan-veto-expected/.

73.93.  At all times relevant hereto, Plaintiff William Trejo had rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution to be free from unlawful search, seizure, detainment, and arrest in an unreasonable manner; to be free from deprivation of liberty without due process of law; and to be free from unreasonable and excessive force.

74.94.  By unlawfully arresting and seizing the Plaintiff without a warrant or probable cause, Defendants violated Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, giving rise to an action at law under 42 U.S.C. § 1983.

75.95.  By unlawfully detaining the Plaintiff without a warrant or probable cause, Defendants violated Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, giving rise to an action at law under 42 U.S.C. § 1983.

76.96.  By unlawfully depriving the Plaintiff of constitutional due process before seizing, arresting, and detaining the Plaintiff, Defendants violated Plaintiff's clearly established constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution, giving rise to an action at law under 42 U.S.C. § 1983.

77.97.  By detaining Plaintiff and transferring his custody to ICE despite his posting of bond and after issuance of a Release from Commitment, Defendants deprived Plaintiff of constitutional due process in that the nature and duration of his confinement did not bear a reasonable relation to the purpose for which Plaintiff was committed, in violation of Plaintiff's clearly established constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution, giving rise to an action at law under 42 U.S.C. § 1983.

78.98.  By unlawfully engaging in excessive force toward the Plaintiff in the seizure, arrest, and detention of the Plaintiff, Defendants violated Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, giving rise to an action at law under 42 U.S.C. § 1983.

79.99.  By failing to release Plaintiff after bond was posted and a Release from Commitment was issued, and instead continuing to detain him and then transferring his custody to ICE, Defendants engaged in a new arrest without warrant or probable cause to suspect the Plaintiff was involved in criminal activity, thus violating Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, giving rise to an action at law under 42 U.S.C. § 1983.

80.100.       As alleged herein, all actions by Defendants were objectively unreasonable, excessive, and without any lawful justification or excuse.

81.101.       At all times relevant hereto, the unconstitutional acts and omissions, as alleged above, were carried out by the Defendants acting in their official capacities.

82.102.       Defendants subjected Plaintiff to these deprivations of civil rights maliciously and with reckless disregard for or with deliberate indifference to whether Plaintiff's civil rights would be violated by their actions.

83.103.       Defendants' acts and omissions as alleged herein were intentional, wanton, willful, malicious, and were done with a blatant and reckless disregard for Plaintiff's constitutional rights.

84.104.       As a direct and proximate result of Defendants' acts and omissions alleged herein, the Plaintiff has suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, humiliation, loss of

dignity, loss of liberty, restrictions on movement and travel, interference with enjoyment of life, and interference with his business and vocation.

85.105.        While Defendant Howard County's contract with ICE has terminated, there is nothing preventing the Defendants from continuing to engage in the unconstitutional pattern and practice of unlawfully transferring custody of immigrant detainees to ICE.

86.106.        Defendants' acts and omissions alleged herein support injunctive relief to prevent the Defendants from transferring custody of immigrant detainees to ICE and to require training, supervision, and oversight of Defendants and their personnel to ensure that detainees' rights are not violated in the manner set forth and described herein.

WHEREFORE, Plaintiff demands judgment against Defendants Ball, Kavanagh, Acuff, Guest, Avery, and Doe 1-5, jointly and severally, in an amount to be determined at trial, but not less than Five Million Dollars ($5,000,000) plus interest, costs, punitive damages, injunctive relief, and any other such relief that this Court deems proper.

## COUNT II

### 42 U.S.C. § 1983
### Unconstitutional Custom, Pattern, and/or Practice and Failure to Train and Supervise
### (Defendant Howard County)

87.107.        Plaintiff incorporates each and every foregoing paragraph of this Complaint as if fully restated herein.

88.108.        From 1995 until May 2021, Defendant Howard County had an intergovernmental service contract with ICE (or its predecessor, Immigration and Naturalization Services) to detain non-citizens who were subject to removal by the federal government.

89.109.        During this period of time, which was inclusive of the time that Plaintiff was under Defendants' custody, Defendant Howard County would cooperate with ICE by

detaining individuals subject to immigration holds or detainers, facilitate the transfer of detainee custody to ICE, and house detainees under ICE custody.

110.    During this period of time, which was inclusive of the time that Plaintiff was under Defendants' custody, Defendant Howard County would detain and transfer detainees to ICE custody pursuant to ICE Form I-203 documents, which is not a permissible basis for transferring a detainee to ICE custody under ICE official policy.

90.111.    During this period of time, which was inclusive of the time that Plaintiff was under Defendants' custody, Defendant Howard County engaged in a pattern and practice of detaining individuals beyond the time they were eligible for release under Maryland law, thereby constituting new arrests without a warrant or probable cause and without constitutional due process.

91.112.    During this period of time, which was inclusive of the time that Plaintiff was under Defendants' custody, Defendant Howard County engaged in a pattern and practice of depriving the constitutional rights of individuals who were detained at the Howard County Detention Center under the custody of ICE and/or in cooperation with ICE.

92.113.    During this period of time, which was inclusive of the time that Plaintiff was under Defendants' custody, Defendant Howard County engaged in a pattern and practice of subjecting immigrant detainees such as the Plaintiff to unsafe and unsanitary conditions, excessive and improper searches, and acts and omissions that violated the Defendant's own policies with respect to the treatment of detainees.

93.114.    During this period of time, which was inclusive of the time that Plaintiff was under Defendant's custody, Defendant Howard County engaged in a pattern and practice of transferring custody of detainees to ICE despite the absence of immigration holds or detainers.

94.115.        At all times relevant hereto, Defendant Howard County, and all agents and employees thereof, were state actors and/or "persons" within the meaning of 42 U.S.C. § 1983 and their conduct was subject to 42 U.S.C. § 1983.

95.116.        At all times relevant hereto, Plaintiff had rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution to be free from unlawful search, seizure, detainment, and arrest in an unreasonable manner; to be free from deprivation of liberty without due process of law; and to be free from unreasonable and excessive force.

96.117.        Under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, Defendant Howard County is prohibited from allowing and enabling its agents and employees, including Howard County Police Department officers and Howard County Department of Corrections officers and staff, to engage in a pattern, practice, policy, or custom of violating individuals' civil rights.

97.118.        Under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, Defendant Howard County is obligated to train and supervise its agents and employees, including Howard County Police Department officers and Howard County Department of Corrections officers and staff, in a manner that prohibits misuse of police powers and violations of civil and constitutional rights in the seizure, arrest, and detention of individuals.

98.119.        At all times relevant hereto, Defendant Howard County engaged in a pattern, practice, policy, or custom of unconstitutional conduct by allowing and enabling its agents and employees to violate citizens' civil rights, specifically by permitting them to unconstitutionally seize, arrest, and detain individuals and transfer custody to ICE without sufficient basis under law.

99.120.     At all times relevant hereto, Defendant Howard County engaged in a pattern, practice, policy, or custom of unconstitutional conduct by allowing and enabling its agents and employees to violate citizens' civil rights, specifically by permitting them to seize, arrest, and detain individuals and transfer individuals' custody to ICE without due process.

100.121.     At all times relevant hereto, Defendant Howard County engaged in a pattern, practice, policy, or custom of unconstitutional conduct by failing to train and supervise its agents and employees to engage only in lawful seizure, arrest, and detention of individuals, and furthermore, to release individuals from custody in accordance with state law.

101.122.     By engaging in the aforementioned unconstitutional patterns, practices, policies, and customs with respect to the seizure, arrest, and detention of individuals such as the Plaintiff, Defendant Howard County caused injury and damage to the Plaintiff, giving rise to an action at law under 42 U.S.C. § 1983.

102.123.     By engaging in the aforementioned unconstitutional patterns, practices, policies, and customs with respect to training and supervision of its agents and employees, Defendant Howard County caused injury and damage to the Plaintiff, giving rise to an action at law under 42 U.S.C. § 1983.

103.124.     As alleged herein, all actions by Defendant Howard County were objectively unreasonable, excessive, and without any lawful justification or excuse.

104.125.     At all times relevant hereto, the unconstitutional acts and omissions, as alleged above, were carried out by agents and employees of Defendant Howard County acting in their official capacities.

105.126.    Defendant Howard County subjected Plaintiff to these deprivations of civil rights maliciously and with reckless disregard for or with deliberate indifference to whether Plaintiff's civil rights would be violated by their actions.

106.127.    Defendant Howard County's acts and omissions as alleged herein were intentional, wanton, willful, malicious, and were done with a blatant and reckless disregard for Plaintiff's constitutional rights.

107.128.    As a direct and proximate result of Defendant Howard County's acts and omissions alleged herein, the Plaintiff has suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, humiliation, loss of dignity, loss of liberty, restrictions on movement and travel, interference with enjoyment of life, and interference with his business and vocation.

108.129.    While Defendant Howard County's contract with ICE has terminated, there is nothing preventing the Defendant from continuing to engage in the unconstitutional pattern and practice of unlawfully transferring custody of immigrant detainees to ICE.

109.130.    Defendant Howard County's acts and omissions alleged herein support injunctive relief to prevent the Defendant from transferring custody of immigrant detainees to ICE and to require training, supervision, and oversight of Defendant's personnel to ensure that detainees' rights are not violated in the manner set forth and described herein.

WHEREFORE, Plaintiff demands judgment against Defendant Howard County, Maryland in an amount to be determined at trial, but not less than Five Million Dollars ($5,000,000) plus interest, costs, punitive damages, injunctive relief, and any other such relief that this Court deems proper.

**COUNT III**

26

**Violation of Article 24 of the Maryland Declaration of Rights**
**(All Defendants)**

110.131.     Plaintiff incorporates each and every foregoing paragraph of this Complaint as if fully restated herein.

111.132.     At all times relevant hereto, Defendants, and each of them, were acting under the color of state law.

112.133.     Defendants violated Plaintiff's civil rights and due process under Article 24 of the Maryland Declaration of Rights when the Defendants arrested, seized, and imprisoned Plaintiff without warrant or probable cause.

113.134.     Defendants further violated Plaintiff's civil rights and due process under Article 24 of the Maryland Declaration of Rights when the Defendants failed to release Plaintiff from custody despite payment of bond and satisfaction of the financial terms of his release, and after issuance of a Release from Commitment, constituting a new arrest and detention without probable cause, justification, sufficient basis under law, or due process.

114.135.     Defendants further violated Plaintiff's civil rights and due process under Article 24 of the Maryland Declaration of Rights when the Defendants transferred Plaintiff's custody to ICE, constituting a new arrest and detention, without probable cause, justification, sufficient basis under law, or due process.

115.136.     At all times relevant hereto, the violations of Article 24 of the Maryland Declaration of Rights, as alleged above, were carried out by agents and employees of Defendant Howard County, Maryland acting in their official capacities.

116.137.     Defendants subjected Plaintiff to these deprivations of civil rights maliciously and with reckless disregard for or with deliberate indifference to whether Plaintiff's civil rights would be violated by their actions.

117.138.     Defendants' acts and omissions as alleged herein were intentional, wanton, willful, malicious, and were done with a blatant and reckless disregard for Plaintiff's constitutional rights.

118.139.     As a direct and proximate result of the acts and omissions alleged herein, the Plaintiff has suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, humiliation, loss of dignity, loss of liberty, restrictions on movement and travel, interference with enjoyment of life, and interference with his business and vocation.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be determined at trial, but not less than Five Million Dollars ($5,000,000) plus interest, costs, punitive damages, injunctive relief, and any other such relief that this Court deems proper.

### COUNT IV

**Violation of Article 24 of the Maryland Declaration of Rights
Unconstitutional Custom, Pattern, and/or Practice
(Defendant Howard County)**

119.140.     Plaintiff incorporates each and every foregoing paragraph of this Complaint as if restated fully herein.

120.141.     From 1995 until May 2021, Defendant Howard County had an intergovernmental service contract with ICE (or its predecessor, Immigration and Naturalization Services) to detain and transfer into ICE custody non-citizens who were subject to removal by the federal government.

121.142.     During this period of time, which was inclusive of the time that Plaintiff was under Defendants' custody, Defendant Howard County would cooperate with ICE by

28

detaining individuals subject to immigration holds or detainers, facilitate the transfer of detainee custody to ICE, and house detainees under ICE custody.

122.143.        During this period of time, which was inclusive of the time that Plaintiff was under Defendants' custody, Defendant Howard County engaged in a pattern and practice of detaining individuals beyond the time they were eligible for release under Maryland law, thereby constituting new arrests without probable cause or due process as required by Article 24 of the Maryland Declaration of Rights.

123.144.        During this period of time, which was inclusive of the time that Plaintiff was under Defendant'sDefendants' custody, Defendant Howard County engaged in a pattern and practice of transferring custody of detainees to ICE despite the absence of immigration holds or detainers, without a warrant, without probable cause, and without due process as required by Article 24 of the Maryland Declaration of Rights.

145.    During this period of time, which was inclusive of the time that Plaintiff was under Defendants' custody, Defendant Howard County engaged in a pattern and practice of transferring custody of detainees to ICE pursuant to only a Form I-203 document, which is not a permissible basis for transfer of a detainee to ICE under ICE formal policy.

124.146.        During this period of time, which was inclusive of the time that Plaintiff was in Defendants' custody, Defendant Howard County engaged in a pattern and practice of continuing to detain individuals despite said individuals' satisfaction of the financial terms of their release, and after issuance of a Release from Commitment, constituting a new arrest and detention without probable cause, justification, sufficient basis under law, or due process in violation of Article 24 of the Maryland Declaration of Rights.

125.147.    At all times relevant hereto, the violations of Article 24 of the Maryland Declaration of Rights were carried out by agents and employees of Defendant Howard County, Maryland acting in their official capacities.

126.148.    By engaging in an unconstitutional pattern, practice, policy, or custom with respect to the seizure, arrest, and detention of individuals such as the Plaintiff, Defendant Howard County caused injury and damage to the Plaintiff.

127.149.    As alleged herein, all actions by Defendant Howard county were objectively unreasonable, excessive, and without any lawful justification or excuse.

128.150.    Defendant Howard County subjected Plaintiff to these deprivations of civil rights maliciously and with reckless disregard for or with deliberate indifference to whether Plaintiff's civil rights would be violated by their actions.

129.151.    Defendant Howard County's acts and omissions as alleged herein were intentional, wanton, willful, malicious, and were done with a blatant and reckless disregard for Plaintiff's constitutional rights.

130.152.    As a direct and proximate result of Defendant Howard County's acts and omissions alleged herein, the Plaintiff has suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, humiliation, loss of dignity, loss of liberty, restrictions on movement and travel, interference with enjoyment of life, and interference with his business and vocation.

131.153.    While Defendant Howard County's contract with ICE has terminated, there is nothing preventing the Defendant from continuing to engage in the unlawful pattern and practice of unlawfully transferring custody of immigrant detainees to ICE.

132.154.      Defendant Howard County's acts and omissions alleged herein support injunctive relief to prevent the Defendant from transferring custody of immigrant detainees to ICE and to require training, supervision, and oversight of Defendant's personnel to ensure that detainees' rights are not violated in the manner set forth and described herein.

WHEREFORE, Plaintiff demands judgment against Defendant Howard County, Maryland in an amount to be determined at trial, but not less than Five Million Dollars ($5,000,000) plus interest, costs, punitive damages, injunctive relief, and any other such relief that this Court deems proper.

## COUNT V

### Violation of Article 26 of the Maryland Declaration of Rights
### (All Defendants)

133.155.      Plaintiff incorporates each and every foregoing paragraph of this Complaint as if restated fully herein.

134.156.      At all times relevant hereto, Defendants, and each of them, were acting under the color of state law.

135.157.      Defendants deprived Plaintiff of his right under Article 26 of the Maryland Declaration of Rights to be free from unreasonable search and seizure, when he was arrested unlawfully and without probable cause and detained thereafter at Howard County Detention Center.

136.158.      Defendants further deprived Plaintiff of his right under Article 26 of the Maryland Declaration of Rights to be free from unreasonable search and seizure, when Defendants failed to release Plaintiff from custody after posting bond and satisfying the financial terms of his release, and instead continued to detain Plaintiff at the Howard County Detention Center.

31

137.159.    Defendants further deprive Plaintiff of his right under Article 26 of the Maryland Declaration of Rights to be free from unreasonable search and seizure when Defendants transferred Plaintiff to ICE custody without probable cause, warrant, due process, or sufficient basis under state or federal law.

138.160.    At all times relevant hereto, the violations of Article 26 of the Maryland Declaration of Rights alleged above, were carried out by agents and employees of Howard County, Maryland acting in their official capacities.

139.161.    Defendants subjected Plaintiff to these deprivations of civil rights maliciously and with reckless disregard for or with deliberate indifference to whether Plaintiff's civil rights would be violated by their actions.

140.162.    Defendants' acts and omissions as alleged herein were intentional, wanton, willful, malicious, and were done with a blatant and reckless disregard for Plaintiff's constitutional rights.

141.163.    As a direct and proximate result of the acts and omissions alleged herein, the Plaintiff has suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, humiliation, loss of dignity, loss of liberty, restrictions on movement and travel, interference with enjoyment of life, and interference with his business and vocation.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial, but not less than Five Million Dollars ($5,000,000) plus interest, costs, punitive damages, injunctive relief, and any other such relief that this Court deems proper.

## COUNT VI

### Violation of Article 26 of the Maryland Declaration of Rights
### Unconstitutional Custom, Pattern, and/or Practice
### (Defendant Howard County)

142.164.       Plaintiff incorporates each and every foregoing paragraph of this

Complaint as if restated fully herein.

143.165.       From 1995 until May 2021, Defendant Howard County had an

intergovernmental service contract with ICE (or its predecessor, Immigration and Naturalization

Services) to detain non-citizens who were subject to removal by the federal government.

144.166.       During this period of time, which was inclusive of the time that Plaintiff

was under Defendants' custody, Defendant Howard County would cooperate with ICE by

detaining individuals subject to immigration holds or detainers, facilitate the transfer of detainee

custody to ICE, and house detainees under ICE custody.

145.167.       During this period of time, which was inclusive of the time that Plaintiff

was under Defendants' custody, Defendant Howard County engaged in a pattern and practice of

detaining individuals beyond the time they were eligible for release under Maryland law, thereby

constituting an unreasonable search and seizure in violation of Article 26 of the Maryland

Declaration of Rights.

146.168.       During this period of time, which was inclusive of the time that Plaintiff

was under Defendants' custody, Defendant Howard County engaged in a pattern and practice of

transferring custody of detainees to ICE despite the absence of immigration holds or detainers

and without a warrant, probable cause, due process, or sufficient basis under state or federal law,

thus constituting an unreasonable search and seizure in violation of Article 26 of the Maryland

Declaration of Rights.

147.169.      During this period of time, which was inclusive of the time that Plaintiff was in Defendants' custody, Defendant Howard County engaged in a pattern and practice of continuing to detain individuals despite said individuals' satisfaction of the financial terms of their release, and after issuance of a Release from Commitment, constituting an unreasonable search and seizure in violation of Article 26 of the Maryland Declaration of Rights.

148.170.      At all times relevant hereto, the violations of Article 26 of the Maryland Declaration of Rights, as alleged above, were carried out by agents and employees of Defendant Howard County, Maryland acting in their official capacities.

149.171.      By engaging in an unconstitutional pattern, practice, policy, or custom with respect to the seizure, arrest, and detention of individuals such as the Plaintiff, Defendant Howard County caused injury and damage to the Plaintiff.

150.172.      As alleged herein, all actions by Defendant Howard county were objectively unreasonable, excessive, and without any lawful justification or excuse.

151.173.      At all times relevant hereto, the unconstitutional acts and omissions, as alleged above, were carried out by agents and employees of Defendant Howard County, Maryland acting in their official capacities.

152.174.      Defendant Howard County subjected Plaintiff to these deprivations of civil rights maliciously and with reckless disregard for or with deliberate indifference to whether Plaintiff's civil rights would be violated by their actions.

153.175.      Defendant Howard County's acts and omissions as alleged herein were intentional, wanton, willful, malicious, and were done with a blatant and reckless disregard for Plaintiff's constitutional rights.

154.176.     As a direct and proximate result of Defendant Howard County's acts and omissions alleged herein, the Plaintiff has suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, humiliation, loss of dignity, loss of liberty, restrictions on movement and travel, interference with enjoyment of life, and interference with his business and vocation.

155.177.     While Defendant Howard County's contract with ICE has terminated, there is nothing preventing the Defendant from continuing to engage in the unconstitutional pattern and practice of unlawfully transferring custody of immigrant detainees to ICE.

156.178.     Defendant Howard County's acts and omissions alleged herein support injunctive relief to prevent the Defendant from transferring custody of immigrant detainees to ICE and to require training, supervision, and oversight of Defendant's personnel to ensure that detainees' rights are not violated in the manner set forth and described herein.

WHEREFORE, Plaintiff demands judgment against Defendant Howard County, Maryland in an amount to be determined at trial, but not less than Five Million Dollars ($5,000,000) plus interest, costs, punitive damages, injunctive relief, and any other such relief that this Court deems proper.

## COUNT VII

**False Imprisonment**
**(Defendants Ball, Kavanagh, Acuff, Guest, Avery, and John Doe 1-5)**

157.179.     Plaintiff incorporates each and every foregoing paragraph of this Complaint as if restated fully herein.

158.180.     The acts and omissions of Defendants Ball, Kavanagh, Acuff, Guest, Avery, and Doe 1-5 alleged herein caused the false imprisonment of the Plaintiff against his will and without his consent.

35

181.     The instances of false imprisonment include Plaintiff's initial arrest, seizure, and detention without a warrant or probable cause, his forced detention at the Howard County Detention Center including but not limited to the period of time after his bond was paid and satisfied, and his transfer by Defendants to ICE custody without probable cause, warrant, immigration hold or detainer, or any other legal basis.

182.     Defendants further falsely imprisoned Plaintiff by ignoring the mandates of the Release from Commitment issued by the District Court Commissioner, and instead extending Plaintiff's detention beyond the time he was to be released and transferring Plaintiff into the custody of ICE.

159.183.        Defendants Guest and Avery further falsely imprisoned Plaintiff by intentionally causing ICE to become aware of Plaintiff's impending release from custody, which resulted in the extension of Plaintiff's detention beyond the time he was to be released and transfer of his custody to ICE.

160.184.        The actions of the Defendants in falsely imprisoning Plaintiff lacked any legal justification and therefore constituted an impermissible restraint and deprivation of his liberty.

161.185.        The false imprisonment of the Plaintiff was intentional, wanton, willful, malicious, and was done with a blatant and reckless disregard for Plaintiff's constitutional rights.

162.186.        As a direct and proximate result of the acts and omissions of the Defendants alleged herein, the Plaintiff has suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, humiliation, loss of dignity, loss of liberty, restrictions on movement and travel, interference with enjoyment of life, and interference with his business and vocation.

WHEREFORE, Plaintiff demands judgment against Defendants Ball, Kavanagh, Acuff, Guest, Avery, and Doe 1-5, jointly and severally, in an amount to be determined at trial, but not less than Five Million Dollars ($5,000,000) plus interest, costs, punitive damages, injunctive relief, and any other such relief that this Court deems proper.

## COUNT VIII

### Negligence
### (Defendants Ball, Kavanagh, Acuff, Guest, Avery, and John Doe 1-5)

163.187.      Plaintiff incorporates each and every foregoing paragraph of this Complaint as if restated fully herein.

164.188.      At all times relevant hereto, Defendants Ball, Kavanagh, Acuff, Guest, Avery, and Doe 1-5 owed Plaintiff a duty to exercise reasonable and due care while processing him through the Howard County Detention Center and while he was in the Defendants' custody.

165.189.      At all times relevant hereto, the Defendants owed Plaintiff a duty to exercise reasonable and due care in complying with rules, laws, standards, and policies governing pretrial criminal procedure and detention.

166.190.      At all times relevant hereto, the Defendants owed Plaintiff a duty to exercise reasonable and due care in hiring, training, supervising, and retaining individuals who are competent and fit to perform duties of police officers, corrections officers, and administrative staff.

167.191.      Defendants breached their duty to the Plaintiff when, without legal justification, they detained the Plaintiff at the Howard County Detention Center despite payment and satisfaction of the financial terms of his release set by the Howard County District Court.

37

168.192.      Defendants further breached their duty to the Plaintiff when, without legal justification, probable cause, or the presence of an immigration hold or detainer, or any valid legal basis, they transferred custody of the Plaintiff to ICE.

169.193.      Defendants further breached their duty to the Plaintiff by failing to use reasonable and due care in the hiring, training, supervising, and retaining of individuals who were fit and competent to perform duties of police officers, corrections officers, and corrections administrative staff.

170.194.      Defendants further breached their duty to the Plaintiff by permitting employees and agents under their employ and/or supervision to engage in unconstitutional and unlawful practices with respect to detainees such as Plaintiff.

171.195.      Defendants further breached their duty to the Plaintiff by permitting employees and agents under their employ and/or supervision to detain arrestees including the Plaintiff beyond the time permitted by Maryland state law.

172.196.      Defendants further breached their duty to Plaintiff by permitting employees and agents under their employ and/or supervision to engage in new arrests of individuals including the Plaintiff without probable cause, sufficient basis under federal or state law, or due process.

173.197.      Defendants further breached their duty to Plaintiff by permitting employees and agents under their employ and/or supervision to transfer custody of arrestees including the Plaintiff to ICE despite the absence of a duly-issued detainer or administrative warrant.

198.    Defendants further breached their duty to Plaintiff by ignoring the mandates of the Release from Commitment issued by the District Court Commissioner, and instead extending

Plaintiff's detention beyond the time he was to be released and transferring Plaintiff into the custody of ICE.

199.    Defendants Guest and Avery further breached their duty to Plaintiff by intentionally causing ICE to become aware of Plaintiff's impending release from custody, which resulted in the extension of Plaintiff's detention beyond the time he was to be released and transfer of his custody to ICE.

174.200.    At all times relevant hereto, it was reasonably and readily foreseeable that such breaches alleged herein would result in the violation of constitutional rights of persons such as the Plaintiff and would otherwise cause injury to persons such as the Plaintiff.

175.201.    As a direct and proximate result of the acts and omissions of the Defendants alleged herein, the Plaintiff has suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, humiliation, loss of dignity, loss of liberty, restrictions on movement and travel, interference with enjoyment of life, and interference with his business and vocation.

WHEREFORE, Plaintiff demands judgment against Defendants Ball, Kavanagh, Acuff, Guest, Avery, and Doe 1-5, jointly and severally, in an amount to be determined at trial, but not less than Five Million Dollars ($5,000,000) plus interest, costs, punitive damages, injunctive relief, and any other such relief that this Court deems proper.

**COUNT IX**

**Negligence *Per Se***
**(Defendants Ball, Kavanagh, Acuff, Guest, Avery, and Doe 1-5)**

176.202.    Plaintiff incorporates each and every foregoing paragraph of this Complaint as if restated fully herein.

39

177.203.     At all times relevant hereto, Defendants Ball, Kavanagh, Acuff, Guest, Avery, and Doe 1-5 had a duty to comply with Maryland law, as set forth in the Maryland Code and Court Rules, in the arrest, detention, and release of persons such as the Plaintiff.

178.204.     Defendants violated Md. Code Crim. Proc. § 2-202 in the arrest and seizure of Plaintiff.  Namely, Defendants transferred custody of Plaintiff to ICE, constituting a new arrest and seizure, without a warrant and without probable cause to believe Plaintiff was committing or attempting to commit a felony or misdemeanor in the presence of the arresting officer(s).

179.205.     Defendants violated Md. Rule § 4-216, *et seq*. by failing to release Plaintiff upon satisfaction of the financial terms of his release, and instead unlawfully and unconstitutionally transferring his custody to ICE.

180.206.     Defendants violated Md. Rule § 4-216(a) in failing to release the Plaintiff from the Howard County Detention Center on his personal recognizance, as the Defendants lacked probable cause for his arrest and he was arrested without a warrant.

181.207.     Defendants violated Md. Rule § 4-216.1(b) in failing to release Plaintiff from the Howard County Detention Center on personal recognizance or unsecured bond; in failing to release Plaintiff without additional conditions, as there was no need to ensure his appearance at court proceedings, to protect the community, victims, witnesses, or other persons, and/or to maintain the integrity of the judicial process; and in failing to impose on the Plaintiff the least onerous conditions or combination of conditions of release.

182.208.     Defendants violated Md. Rule §4-216.1(c)(1) in failing to release Plaintiff from the Howard County Detention Center on personal recognizance or unsecured bond.

183.209.        Defendants violated Md. Rule § 4-216.2(a) in failing to present Plaintiff immediately to the District Court upon refusing to release Plaintiff from the Howard County Detention Center.

184.210.        Defendants violated Md. Code Crim. Proc. § 5-205(c)(3) in failing to release the Plaintiff after Plaintiff posted bond.

185.211.        In violating provisions of the Maryland Code of Criminal Procedure and the Maryland Rules governing criminal causes, as set forth above, Defendants breached their duty of care to the Plaintiff and were negligent *per se*.

186.212.        As a direct and proximate result of these Defendants' violations of codified Maryland law as alleged herein, the Plaintiff has suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, humiliation, loss of dignity, loss of liberty, restrictions on movement and travel, interference with enjoyment of life, and interference with his business and vocation.

WHEREFORE, Plaintiff demands judgment against Defendants Ball, Kavanagh, Acuff, Guest, Avery, and Doe 1-5, jointly and severally, in an amount to be determined at trial, but not less than Five Million Dollars ($5,000,000) plus interest, costs, punitive damages, injunctive relief, and any other such relief that this Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.


Respectfully submitted,

*/s/ Timothy Maloney*
Timothy Maloney, Esq. (#03381)
Drew LaFramboise, Esq. (#20288)
Joseph, Greenwald & Laake, P.A.

6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 222-2200
(301) 220-1214 (fax)
tmaloney@jgllaw.com
dlaframboise@jgllaw.com

*/s/ Victor Ramirez*
Victor Ramirez, Esq. (#15237)
Law Office of Victor R. Ramirez, LLC
5309 Baltimore Ave.
Hyattsville, MD 20781
(301) 434-3880
(301) 434-1172 (fax)
attyvictorr@gmail.com

*Counsel for Plaintiff*